**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-00341**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) ) | |
| **Plaintiff,** | ) ) ) | **COMPLAINT** |
| **v.** | ) ) ) | **JURY TRIAL DEMAND** |
| **PAR VENTURES, INC. d/b/a McDONALD'S,** **Defendant.** | ) ) ) ) | |

_____

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jhaniya Walker ("Walker"), who was adversely affected by such practices. As alleged with greater particularity below, the Equal Employment Opportunity Commission alleges Defendant, Par Ventures, Inc. d/b/a McDonald's ("Defendant"), subjected Walker to a sexually hostile work environment on the basis of her sex, female, in violation of Title VII.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

**PARTIES**

3.     Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant, a North Carolina corporation headquartered in Fayetteville, North Carolina, has continuously been an employer doing business in the State of North Carolina and the City of Fayetteville, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6.     More than thirty days prior to the institution of this lawsuit, Walker filed a charge with the Commission alleging violations of Title VII by Defendant.

7.     On March 28, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On May 3, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. As described in greater detail below, since at least December 11, 2017, Defendant has engaged in unlawful employment practices at its Parmlee Drive restaurant (the "restaurant") in Fayetteville, North Carolina ("the restaurant"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000(e)-2(a)(1). Specifically, Defendant subjected Walker to severe or pervasive sexual comments, requests, and touching that created a sexually hostile work environment. The sexual comments, requests, and touching were committed by a supervisor in Walker's chain of command and unwelcome to Walker.

13. Defendant hired Walker to work at the restaurant on or around June 12, 2017. Walker was 16 years old when she was hired.

14. Walker was interviewed and hired by a male People Manager ("People Manager") at the restaurant.

15. The People Manager was a supervisor in Walker's direct line of authority.

16. On information and belief, the People Manager had authority to conduct job interviews and extend job offers.

17. On information and belief, the People Manager had authority to make recommendations for hiring.

3

18.     On information and belief, the People Manager had authority to recommend termination of employees.

19.     On information and belief, the People Manager sometimes acted as a Swing Manager.

20.     When the People Manager acted as a Swing Manager, the People Manager was the manager for the shift and assigned duties to the employees

21.     Defendant did not train Walker on how to report sexual harassment in the workplace.

22.     During Walker's employment, Defendant did not have a sexual harassment policy which contained a procedure for reporting sexual harassment.

23.     On at least one occasion prior to December 11, 2017, one of Defendant's shift managers ("Shift Manager") expressed concern to Defendant's General Manager that the People Manager was frequently in the back of the restaurant with female employees and/or was trying to have sex with Defendant's female employees.

24.     On at least one occasion prior to December 11, 2017, the Shift Manager told the General Manager that one or more female employees had complained to the Shift Manager of sexually inappropriate behavior by the People Manager.

25.     Prior to December 11, 2017, the General Manager took no action to determine if the People Manager was engaging in sexually inappropriate behavior in the workplace.

26.     On or around December 11, 2017, when Walker and the People Manager were alone in the restaurant office, the People Manager asked Walker if she had ever sent nude pictures of herself to another person.

27.     The People Manager offered Walker money in exchange for nude photos of Walker.

28.     The People Manager held up some cash and asked Walker if he could place the money in her bra. Walker refused.

29.     The People Manager instructed Walker to go into the restaurant bathroom, take nude pictures of herself, and send him the pictures.

30.     Walker left the restaurant office and resumed her work.

31.     During the December 11, 2017 shift, the People Manager asked Walker more than once if she had taken the nude pictures that he had asked for.

32.     During the December 11, 2017 shift, the People Manager asked Walker if she knew what a "sugar daddy" was and asked her if she wanted a "sugar daddy."

33.     During the December 11, 2017 shift, the People Manager approached Walker while Walker was getting supplies in or near the back of the restaurant.  The People Manager asked Walker if she had ever performed oral sex.  The People Manager touched Walker's breast and buttocks and attempted to place Walker's hand on his penis.

34.     Walker escaped from the People Manager and ran to the front of the restaurant.

35.     When a different manager asked for a volunteer to clock out early, Walker immediately volunteered because she was upset about the incident with the People Manager.

36.     While Walker was waiting in the dining room for her mother to pick her up, the People Manager approached and asked Walker if she was going to send him nude pictures of herself when she got home.  Walker did not respond and left the restaurant.

37.     After work, Walker told her mother about the People Manager's sexually harassing conduct.

38.     On or around December 12, 2017, Walker's mother confronted the People Manager.

39.     On or around December 12, 2017, Walker's mother filed criminal charges against the People Manager on Walker's behalf.

40.     Defendant knew or should have known about the People Manager's sexually harassing behavior prior to December 11, 2017.

41.     Defendant failed to take prompt and effective action to stop the People Manager from sexually harassing its female employees, including Walker.

42.     Defendant subjected Walker to sexual harassment and sexual assault that created a sexually hostile work environment.

43.     The effect of the practices complained of above has been to deprive Walker of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

44.     The unlawful employment practices complained of above were intentional.

45.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Walker's federally protected rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, agents, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile environment and from all other employment practices that discriminate based on sex.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Walker whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, in amounts to be determined at trial.

D.    Order Defendant to make Walker whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights, and other nonpecuniary losses in pain, in amounts to be determined at trial.

E.    Order Defendant to pay Walker punitive damages for its malicious and reckless conduct, as described in paragraphs above, in amounts to be determined at trial.

F.    Grant such further relief as the Court deems necessary and proper in the public interest.

G.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this the 7th day of August, 2019.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS

7

Associate General Counsel
131 M Street, NE
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES
N.C. Bar 19732
Regional Attorney

YLDA KOPKA
Ill. Bar No. 6286627
Supervisory Trial Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

/s/ Zoe G. Mahood
ZOE G. MAHOOD
N.C. Bar 21722
Senior Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, N.C. 27601-1701
Phone: (919) 856-4080
Fax: (919) 856-4151
E-mail: zoe.mahood@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**