**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**
**CIVIL ACTION NO.: 5:19-CV-00341**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PAR VENTURES, INC. D/B/A MCDONALD'S,**<br>**Defendant.** | ) | **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Par Ventures, Inc. d/b/a McDonald's subjected Jhaniya Walker to a sexually hostile work environment.

The Commission and Defendant Par Ventures, Inc. d/b/a McDonald's ("Defendant") hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 19 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII, including by failing to prevent and/or correct a hostile work environment based on sex.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Jhaniya Walker the sum of Twelve Thousand Five Hundred Dollars ($12,500.00) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check for the total amount payable to Jhaniya Walker. Payment shall be made within ten (10) days after the Court approves this Consent Decree, and Defendant shall mail the check to Jhaniya Walker at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Jhaniya Walker. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Jhaniya Walker may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records of Jhaniya Walker any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 433-2018-01671 and the related events that occurred thereafter, including this


Case 5:19-cv-00341-FL Document 21-1 Filed 07/13/20 Page 2 of 11

litigation. Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5. Defendant shall provide Jhaniya Walker with a positive letter of reference using the form attached hereto as Exhibit A. Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Jhaniya Walker at an address provided by the Commission. Jhaniya Walker is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Jhaniya Walker from a potential employer, it will provide only the information set forth in the letter of reference in response

6. Defendant shall provide a notice of this settlement and copy of this Consent Decree to any successor owners/operators of Par Ventures, Inc.

7. Within thirty (30) days of the entry of this Consent Decree by the Court, Defendant shall adopt, implement and distribute a revised formal, written harassment policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sexual harassment; multiple procedures for reporting conduct that are easy to use and nonintimidating, including at least one impersonal means of reporting (e.g. leaving messages on a recorded phone line); and a procedure for the thorough and immediate investigation of employee complaints of discrimination by well-trained neutral individuals, which is thorough and objective, is confidential to the extent possible, and fully documented throughout. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 30-day time period. Within forty (40) days of the entry of this decree**,** Defendant shall report compliance to the Commission. During the term of this Consent Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.


Case 5:19-cv-00341-FL Document 22 Filed 07/16/20 Page 3 of 11

8. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 7, *supra*, in each of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within forty (40) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

9. Within thirty (30) days after the Consent Decree is entered, Defendant shall prepare, sign, and distribute to employees a letter containing the following statements: (a) Title VII of the Civil Rights Act of 1964 prohibits discrimination and/or harassment based on sex; (b) Defendant is distributing the letter and its revised sexual harassment policy by agreement with the Equal Employment Opportunity Commission; (c) any employee, including any manager or supervisor, who is found to have used sexually offensive language or who is found to have engaged in sexually offensive conduct shall be subject to discipline, up to termination; (d) any manager or supervisor who fails to take appropriate action in accordance with Defendant's revised policy (as described in paragraph 7) in response to an employee's complaint of harassment and/or discrimination shall be subject to discipline, including possible termination; and (e) no employees will be subjected to retaliation for making complaints of discrimination and/or harassment. The letter shall be signed by John E. Parker, owner of Par Ventures, Inc. Defendant shall attach the letter to the revised policy and distribute them simultaneously within 30 days of the entry of this decree as discussed in paragraph 7. Within forty (40) days after the entry of this decree, Defendant shall report its compliance with this paragraph to the Commission.

10. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII, and its prohibition against sexual harassment in


Case 5:19-cv-00341-FL Document 22 Filed 07/16/20 Page 4 of 11

the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy. Defendant's training program must:

A. Be directed at conduct rather than the law. Employees should be told what behavior is unacceptable in the workplace, independent of whether the behavior constitutes unlawful harassment.

B. Include all employees so that everyone knows their rights. The training should include information on how to report inappropriate conduct, whether witnessed or experienced. It should be emphasized that retaliation of any kind for reporting conduct that an employee believes violates the employer's rules on behavior in the workplace is prohibited and will result in disciplinary action.

C. Provide an additional separate training for first- and middle-level managers on how to recognize, respond to, and report unacceptable conduct, with an emphasis on their responsibility to address such conduct even in the absence of a complaint.

D. Be tailored to the workplace, with examples and scenarios that realistically involve situations from the specific worksite, organization, and industry.

E. Begin with a message from a senior executive that the employer considers harassment and other personally offensive conduct in the workplace totally unacceptable and is committed to preventing such conduct and remedying it quickly if it occurs. The executive should attend and participate in the program.

F. Include training for individuals tasked with investigating complaints of inappropriate workplace conduct on how to conduct such investigations.

G. Include training evaluations from all participants. The evaluations should be obtained after the training, asking participants whether the training has affected their behavior or the behavior of others in the workplace.

The first training program shall be completed within sixty (60) days after entry of this Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall submit to the Commission an agenda for the training program by electronic mail sent to EEOC-CTDO-decree-monitoring@eeoc.gov. Defendant should presume that the agenda is approved


Case 5:19-cv-00341-FL Document 22 Filed 07/16/20 Page 5 of 11

unless contacted by the Commission regarding the agenda within five (5) days of submission of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

11. Beginning within thirty (30) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Consent Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, hereby made a part of this Consent Decree, in a place where it is visible to employees in each of its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

12. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

A. The identities of all individuals who have complained either verbally or in writing of unwelcome conduct which the individual believed constituted sexual harassment or was a violation of Defendant's revised policy described in paragraph 7, or who have filed a charge, given testimony or assistance, or otherwise participated in any investigation, proceeding or hearing under Title VII. Identification of the individual should include the following: full name; last known address, telephone number, and e-mail; and position.

B. For each person identified in response to 11.A, if the complaint or participation was verbal, provide a detailed description of the complaint made or participation engaged in, or if the complaint or participation was made in writing, provide a copy of the written complaint or documents reflecting the individual's participation.

C. A detailed summary of the action taken by Defendant in response to any complaint made by any individual identified in response to 11.A.


Case 5:19-cv-00341-FL Document 22 Filed 07/16/20 Page 6 of 11

D. For each individual identified in 11.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) since Defendant was notified of the individual's complaint or since Defendant learned of the individual's participation.

E. For each individual whose employment status has changed as identified in 11.D. above, a detailed statement explaining why the individual's employment status has changed, and the full name and job title of each individual involved in the employment status change.

Defendant shall provide the social security number of an individual identified in response to11.A. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

13. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

14. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

15. The term of this Consent Decree shall be for five (5) years from its entry by the Court.

16. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: John E. Parker at john.e.parker_iii@partners.med.com. If at any

time during the term of this Consent Decree Defendant's designated point of contact changes, Defendant shall notify the Commission and provide the name, job title, and electronic mail address for a new designated point of contact within ten (10) days of the change.

17. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-CTDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Kara Gibbon Haden, Acting Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202.

18. Each party shall bear its own costs and attorney's fees.

19. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

7/16/20

Date

Judge Louise W. Flanagan, U.S. District Court
Eastern District of North Carolina

The parties jointly request that the Court approve and enter the Consent Decree:


**EQUAL EMPLOYMENT OPPORTUNITY COMMISION**

KARA GIBBON HADEN
Acting Regional Attorney
Charlotte District Office

YLDA M. KOPKA
Supervisory Trial Attorney
Charlotte District Office

/s/ Zoe G. Mahood
ZOË G. Mahood
Senior Trial Attorney
N.C. State Bar No. 21722
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
Telephone: (919) 856-4080
Fax: (919) 856-4156
Email: Zoe.Mahood@eeoc.gov

*Attorneys for Plaintiff*

**PAR VENTURES, INC.**

/s/ J. Michael Honeycutt
J. Michael Honeycutt
N.C. State Bar No. 33437
Deven S. Gray
N.C. State Bar No. 46062
FISHER & PHILLIPS, LLP
227 West Trade Street, Suite 2020
Charlotte, NC 28202
Telephone: (704) 334-4565
Fax: (704) 334-9774
Email:
N.C. Bar No. 40119

*Attorneys for Defendant*

**EXHIBIT A**

[Defendant's letterhead]

[Date]

To Whom It May Concern:

Please consider this correspondence as a letter of reference on behalf of our former employee, Jhaniya Walker.

Ms. Walker was employed by Par Ventures, Inc. d/b/a McDonald's during 2017 and 2018. During her employment, Ms. Walker was a conscientious and diligent employee. It was a pleasure to have her work for the company.

We hope that this information about Ms. Walker is helpful to you in considering her for employment.

Sincerely,

[signature of company official]

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) | **CIVIL ACTION NO.: 5:19-CV-341** |
| **Plaintiff,** | ) | |
| **v.** | ) | **EMPLOYEE NOTICE** |
| **PAR VENTURES, INC. D/B/A MCDONALD'S,** | ) | |
| **Defendant.** | ) | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Par Ventures, Inc. , in a case of discrimination based on a sexually hostile work environment. Specifically, the EEOC alleged Par Ventures, Inc. subjected Jhaniya Walker to a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). As part of the settlement, Par Ventures, Inc. agreed to pay monetary damages to Jhaniya Walker , and to take other actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Par Ventures , Inc. will comply with such federal law in all respects. Furthermore, Par Ventures , Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least five (5) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: ____________________, 2024.